Lee Mermelstein (LM4143)
COZEN O'CONNOR
45 Broadway
New York, New York  10006
Phone:  (212) 509-9400
Facsimile:  (212) 509-9492



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EDWARD CARRION,

          Plaintiff,

-against-

OMNI HOTELS MANAGEMENT CORP. i/s/h/a
OMNI HOTELS, JOHN DOE and GALLAGHER
BASSETT SERVICES, INC.,

          Defendants.

------------------------------------------------------------X

INDEX NO: 100189/08
Supreme Court, New York County

Civil Action No.: _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, OMNI HOTELS MANAGEMENT CORP. i/s/h/a OMNI HOTELS, by and through its counsel, Cozen O'Connor, file this NOTICE OF REMOVAL from the Supreme Court of the State of New York, County of New York, in which this case is now pending, to the United States District Court for the Southern District of New York, and in support thereof, states and alleges as follows:

1.    Upon information and belief, Plaintiff, EDWARD CARRION resides at 51 Orchard Lane, Berkeley Heights, New Jersey 07922, and was at all relevant times a resident and citizen of Union County in the State of New Jersey.

2.    Defendant OMNI HOTELS MANAGEMENT CORP. i/s/h/a OMNI HOTELS ("Omni") is a corporation organized and existing under the laws of the State of Delaware with its

principal place of business in the State of Texas.

3. Upon Information and belief, Co-Defendant GALLAGHER BASSETT SERVICES, INC. is a corporation organized and existing under the laws of the State of Illinois and has its principal place of business in Itasca, Illinois.

4. Without waiver of Omni's defenses and objections to personal jurisdiction, this Court has subject matter jurisdiction founded on diversity of citizenship between Plaintiff and Defendants pursuant 28 U.S.C. § 1332.

5. Plaintiff filed the Complaint in the Supreme Court of the State of New York, County of New York, on or about January 7, 2008, under Index No. 100189/08 (hereinafter the "State Action"). Upon information and belief, fewer than 30 days ago, on January 18, 2008 Plaintiff served Omni with the Summons and Complaint. A copy of the Summons and Complaint is attached as Exhibit "A." In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of defendant Omni becoming aware of the Complaint. Defendant Omni will file a copy of any additional filed state court pleadings within 10 business days.

6. The State Action involves a single cause of action against Omni for injuries allegedly sustained by Plaintiff, Edward Carrion, as a result of a fall to the ground at the premises located at 245 Water Street, Jacksonville, Florida 32202. The cause of action against Omni sounds in common-law negligence.

7. Plaintiff, Edward Carrion claims to have sustained damages in an amount that exceeds the jurisdictional limits of all lower courts. (See Complaint. at ¶ "22"). Based on Plaintiff's allegations, the amount in controversy in this matter is in excess of the $75,000 jurisdictional requirement of 28 U.S.C. § 1332, exclusive of interest and costs.

8. Judicial economy, fairness, and convenience to the parties will be served by removing the State Action to federal court. None of the parties will be prejudiced by so doing.

9. Omni certifies that to its knowledge the matter in controversy is not the subject of any other pending court action, arbitration, or administration, other than the State Action referred to above.

10. A copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York and is being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Notice is given that the State Action is removed form the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: New York, New York
February 14, 2008

Respectfully submitted:

COZEN O'CONNOR

BY: *[signature]*

Lee Mermelstein (LM4143)
*Attorneys for Defendants*
OMNI HOTELS MANAGEMENT CORP. i/s/h/a
OMNI HOTELS
45 Broadway
New York, New York  10006
Phone: (212) 509-9400
Fax: (212) 509-9492
Email: lmermelstein@cozen.com

Case 1:08-cv-01574-DLC    Document 1    Filed 02/15/2008    Page 4 of 16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

EDWARD CARRION,

                Plaintiff,

         -against-

OMNI HOTELS, JOHN DOE and
GALLAGHER BASSETT SERVICES, INC.,

                Defendants.

-------------------------------------------------------------X

**SUMMONS**

Plaintiff designate
New York County as a
place of trial

Basis of venue is
defendant's residence

Index No.: 100189/08
Date Filed: 1/7/08

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner, and in case of your failure to appear or answer, Judgment shall be taken against you by default for the relief stated in the complaint.

Dated: Brooklyn, New York
       January 4, 2008

**Defendants' Addresses:**

OMNI HOTELS
245 Water Street
Jacksonville, Florida 32202

OMNI HOTELS
21 East 52nd Street
New York, NY 10022

MONACO & MONACO, LLP
*Attorneys for Plaintiff*
7610 13th Avenue
Brooklyn, New York 11228
(718) 872-0533

OMNI HOTELS
c/o Corporation Service Company, NY Registered Agent
80 State Street
Albany, NY 12207-2543
*Via Secretary of State*

JOHN DOE
c/o OMNI HOTELS
245 Water Street
Jacksonville, Florida 32202

GALLAGHER BASSETT SERVICES, INC.
c/o Corporation Service Company, Registered Agent
80 State Street
Albany, NY 12207
*Via Secretary of State*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

EDWARD CARRION,

                Plaintiff,                **VERIFIED COMPLAINT**

      -against-

OMNI HOTELS, JOHN DOE and                Index No.: 100189/08
GALLAGHER BASSETT SERVICES, INC.

                                                                   Date Filed: 1/7/08

                Defendants.

------------------------------------------------------------------X

        Plaintiff, by their attorneys, **MONACO & MONACO, LLP**, complaining of defendants, allege upon information and belief:

        1.    That at all times hereinafter mentioned, the Plaintiff resides at 51 Orchard Lane, Berkeley Heights, New Jersey 07922.

        2.    At all the times hereinafter mentioned, defendant **OMNI HOTELS** is a domestic corporation and/or LLC licensed to do business and doing business with an operating location at 21 East 52nd Street, New York, NY 10022.

        3.    At all the times hereinafter mentioned, defendant **GALLAGHER BASSETT SERVICES, INC.** is a domestic corporation and/or LLC licensed to do business and doing business in the State of New York at 1 Huntington Quad, Suite 4n01, Melville, NY 11747 and a corporate headquarters of Two Pierce Place, Itasca, Il., 60143-3141.

## FIRST CAUSE

4. That at all times hereinafter mentioned, defendant **OMNI HOTELS** owned and/or operated certain lands and/or premises located at 245 Water Street, Jacksonville, Florida 32202.

5. That at all times hereinafter mentioned, defendant **OMNI HOTELS** managed certain lands and/or premises located at 245 Water Street, Jacksonville, Florida 32202.

6. That at all times hereinafter mentioned, defendant **OMNI HOTELS** controlled certain lands and/or premises located at 245 Water Street, Jacksonville, Florida 32202.

7. That at all times hereinafter mentioned, defendant **OMNI HOTELS** maintained certain lands and/or premises located at 245 Water Street, Jacksonville, Florida 32202.

9. That at all times hereinafter mentioned, defendant **OMNI HOTELS** constructed certain lands and/or premises located at 245 Water Street, Jacksonville, Florida 32202.

10. That at all times hereinafter mentioned, defendant **OMNI HOTELS** leased certain lands and/or premises located at 245 Water Street, Jacksonville, Florida 32202.

11. That at all times hereinafter mentioned, defendant **JOHN DOE** was a maintenance employee/agent of defendant **OMNI HOTELS** more specifically at the 245 Water Street, Jacksonville, Florida 32202 location, **JOHN DOE** was required to properly maintain the area where the fall occurred, and **JOHN DOE** breached this duty.

12. At all the times hereinafter mentioned, plaintiff was a guest staying in his assigned room at the defendant **OMNI HOTELS** at the 245 Water Street, Jacksonville, Florida 32202 location.

13. On or about the 12th day of January 2006, plaintiff was caused to fall at the premises in his assigned room of the defendant **OMNI HOTELS** at the above referenced premises.

14. That at all the times hereinafter mentioned, defendants, their servants, agents and/or employees leased, maintained, managed, operated, controlled and/or owned aforementioned premises including the individual rooms thereat and including the floors therein.

15. On or about the 12th day of January, 2006, while plaintiff lawfully upon the aforementioned premises, he was caused to fall to the ground, thereby causing him to sustain severe and permanent personal injuries, as a result of the carelessness and negligence on the part of the defendants herein, their agents, servants, and/or employees, some, one or all of them, in the management, maintenance, operation and control of the aforementioned premises and without any fault, want of care or culpable conduct on his part contributing thereto.

16. The aforesaid occurrence was caused solely and wholly as a result of the negligence of the defendants herein without any negligence on the part of the plaintiff contributing therein.

17. That defendants, their agents, servants and/or employees were negligent and careless in knowingly allowing and permitting the aforementioned premises to be and remain in a dangerous condition with latent defects; in negligently and carelessly causing

and permitting said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the public and in particular, the plaintiff herein; in negligently and carelessly permitting the use of said premises to create such a hazardous condition to exist and in unreasonably and improperly not taking affirmative action to exercise a duty of care and remedy same by removing such hazardous condition, thereby creating a danger to the plaintiff and others; in allowing and permitting said premises to remain in said condition in view of the circumstances and use of the premises therein; in failing to warn of the defect; in failing to remedy and/or alleviate these conditions despite actual and/or constructive notice of same; in failing to take suitable and proper precautions for the safety of persons on and using said premises; in failing to keep the plaintiff herein free from injury; in failing to provide any warning or alert to said plaintiff of the dangerous and hazardous condition existing thereat and defendants were otherwise careless and negligent in maintaining, operating, managing, and/or controlling the premises.

18. That at all times hereinafter mentioned, defendants were under a duty to keep the aforementioned premises, including the individual rooms thereat, in a safe, proper and secure manner, in good repair and free from dangerous conditions and defect.

19. That at all times hereinafter mentioned, defendants, their servants, agents and/or employees were negligent in that they breached such duty.

20. That the aforementioned premises was open to plaintiff specifically.

21. That as a result of the foregoing, plaintiff was rendered sick, sore, lame and disabled, suffered injuries both internal and external, pain and mental anguish, was caused to suffer from severe post-operative pain, was confined to his bed and home for a

lengthy period of time; was compelled to seek medical care and attention and upon information and belief, will in the future be compelled to seek medical care and attention; was prevented from following his usual occupation and upon information and belief, will in the future be disabled from following his usual occupation and was otherwise injured and damaged.

22. That as a result of the foregoing plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

WHEREFORE, Plaintiff demands judgment against the defendants together with the interests, costs of suit, disbursements and any other relief the courts deems appropriate.

## SECOND CAUSE

23. Plaintiff repeats each and every allegation of the First Cause as if set forth at length herein.

24. Defendant **GALLAGHER BASSETT SERVICES, INC.** is an agent of defendant **OMNI HOTELS** and admitted and accepted liability on behalf of defendant **OMNI HOTELS** in writing and agreed in writing to pay, on defendant **OMNI HOTELS**' behalf, plaintiff's medical expenses and damages resulting from this accident.

25. Medical bills and formal demand have been submitted to defendant **GALLAGHER BASSETT SERVICES, INC.** for payment as agreed yet defendant **GALLAGHER BASSETT SERVICES, INC.** has not rendered payment as agreed.

26. This constitutes breach of contract express, implied and/or by operation of law.

27. That as a result of the foregoing plaintiff has been damaged in an amount that

exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiff demands judgment against the defendants together with the interests, costs of suit, disbursements and any other relief the courts deems appropriate.

Dated: Brooklyn, New York
January 4, 2008

                                             Yours etc.

                                             Antonio Monaco, Esq.
                                             MONACO & MONACO, LLP
                                             *Attorneys for Plaintiff*
                                             7610  13th Avenue
                                             Brooklyn, New York 11228
                                             (718) 872-0533

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
                  ) ss.
COUNTY OF KINGS   )

**ANTONIO MONACO, JR.**, an attorney-at-law, duly admitted to practice in the Courts of this State, affirms under the penalties of perjury that:

He is the attorney for the Plaintiff in the above-entitled action. That he has read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this verification is made by deponent and not by Plaintiff is that the Plaintiff herein resides in a County other than the one in which plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.

Dated: Brooklyn, New York
       January 4, 2008

                                              _____
                                              ANTONIO MONACO, JR.

Advantage MARKETING CO.
440 BAY STREET STATEN ISLAND, NY 10304
718.447.3311.

*Index No.*                          *Year* 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

EDWARD CARRION,

        Plaintiff,

--against--

OMNI HOTELS, JOHN DOE and GALLAGHER BASSETT SERVICES, INC.,

        Defendants.

---

SUMMONS AND VERIFIED COMPLAINT

---

**MONACO & MONACO, LLP**
*Attorneys for* Plaintiff

7610-7612 13TH AVENUE
SECOND FLOOR
BROOKLYN, NY 11228
(718) 872-0533

---

*To:*

*Attorney(s) for*

---

*Service of a copy of the within*                                          *is hereby admitted.*

*Dated:*

..........................................................................

                      *Attorney(s) for*

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                    20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court,
at
on                         20        , at              M.

*Dated:*

                                        **MONACO & MONACO, LLP**
                                        *Attorneys for*

7610-7612 13TH AVENUE
SECOND FLOOR
BROOKLYN, NY 11228

*To:*

DOS-1246 (11/96)
**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
ALBANY, NY 12231-0001

CORPORATION SERVICE COMPANY
80 STATE ST
ALBANY, NY 12207





State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
CARRION, EDWARD

Party Served:
OMNI HOTELS MANAGEMENT CORPORATION

CORPORATION SERVICE COMPANY
80 STATE ST
ALBANY, NY 12207

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 01/18/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations