UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

EDWARD CARRION,

           Plaintiff,

           -against-

OMNI HOTELS MANAGEMENT CORP. i/s/h/a
OMNI HOTELS, JOHN DOE and GALLAGHER
BASSETT SERVICES, INC.,

           Defendants.

-----------------------------------------------------------X

Civil Action No.: 08 CV 01574

## OMNI HOTELS MANAGEMENT CORP. i/s/h/a OMNI HOTELS' ANSWER

### (TRIAL BY JURY REQUESTED)

PLEASE TAKE NOTICE, that defendant OMNI HOTELS MANAGEMENT CORP. i/s/h/a OMNI HOTELS (hereinafter "answering defendant"), by and through its attorneys, COZEN O'CONNOR hereby answers the plaintiff's complaint as follows:

1. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Answering defendant denies the truth of the allegations contained in paragraph "2" of the complaint except admits that there is an Omni Hotel located at 21 East 52nd Street, New York, New York 10022.

3. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

4.     Answering defendant denies the truth of the allegations contained in paragraph "4" of the complaint.

5.     Answering defendant denies the truth of the allegations contained in paragraph "5" of the complaint, except admits that it managed the Omni Jacksonville Hotel.

6.     Answering defendant denies the truth of the allegations contained in paragraph "6" of the complaint.

7.     Answering defendant denies the truth of the allegations contained in paragraph "7" of the complaint.

8.     Answering defendant denies the truth of the allegations contained in paragraph "9" (sic) of the complaint.

9.     Answering defendant denies the truth of the allegations contained in paragraph "10" of the complaint.

10.    Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

11.    Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

12.    Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

13. Answering defendant denies the truth of the allegations contained in paragraph "14" of the complaint.

14. Answering defendant denies the truth of the allegations contained in paragraph "15" of the complaint.

15. Answering defendant denies the truth of the allegations contained in paragraph "16" of the complaint.

16. Answering defendant denies the truth of the allegations contained in paragraph "17" of the complaint.

17. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the complaint.

18. Answering defendant denies the truth of the allegations contained in paragraph "19" of the complaint.

19. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the complaint.

20. Answering defendant denies the truth of the allegations contained in paragraph "21" of the complaint.

21. Answering defendant denies the truth of the allegations contained in paragraph "22" of the complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

22. Answering defendant reiterates and realleges each and every response as previously set forth to paragraphs numbered "1" through "23" with the same force and effect as if fully set forth at length.

23. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the complaint.

24. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the complaint.

25. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the complaint.

26. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. Plaintiffs have failed to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. If, in fact, plaintiffs sustained injuries or damages as alleged in the Verified Complaint, which damages and injuries are hereby expressly denied, said injuries and damages occurred as a result of the plaintiffs' own culpable conduct. The amount of damages recovered, if any, shall therefore be diminished and reduced in the proportion to which said culpable conduct attributable to plaintiff bears to the culpable conduct which caused said injuries.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. If, in fact, plaintiffs sustained damages as alleged in the Verified Complaint, such damages were caused, in whole or in part, by the comparative negligence of the plaintiffs and such damages, which are hereby denied, should be diminished and reduced in the proportion to which the comparative negligence attributable to the plaintiffs bear upon the culpability, if any, of all parties.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the complaint were at the time and place mentioned open and obvious and apparent and were known by the plaintiff and voluntarily assumed by him.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. In the event plaintiff recovers a verdict or judgment against the answering defendant, said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts that have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part for any past or future economic loss from any collateral source such as insurance social security, worker's compensation or employee benefit programs..

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. Answering defendant's liability is limited by the provisions of Article 16 of the CPLR.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. Plaintiff's alleged injuries and damages, if any, were caused by acts, omissions or other conduct of individuals or entities over which the answering defendant had no control and had no duty to control.

WHEREFORE, answering defendant demands judgment dismissing the plaintiff's complaint herein, together with fees, costs and disbursements in this action.

Dated:  New York, New York
        February 21, 2008

                Respectfully submitted,

                COZEN O'CONNOR

                By: _____
                Lee Mermelstein (LM4143)
                Attorneys for Defendant
                **OMNI HOTELS MANAGEMENT CORP.**
                **i/s/h/a OMNI HOTELS**
                45 Broadway, 16th Floor
                New York, New York 10006
                (212) 509-9400

TO:    Antonio Monaco, Esq.
        Monaco & Monaco, LLP
        Attorneys for Plaintiff
        7610 13th Avenue
        Brooklyn, New York 11228
        (718) 872-0533

        Gregory S. Katz, Esq.
        Wilson, Elser, Moskowitz, Edelman & Dicker LLP
        Attorneys for Defendant
        **GALLAGHER BASSETT SERVICES, INC.**
        150 East 42nd Street
        New York, New York 10017-5639
        (212) 490-3000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February 2008, a true and correct copy of the foregoing Answer has been sent via U.S. mail upon:

Antonio Monaco, Esq.
Monaco & Monaco, LLP
Attorneys for Plaintiff
7610 13th Avenue
Brooklyn, New York 11228
(718) 872-0533

Gregory S. Katz, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Attorneys for Defendant
**GALLAGHER BASSETT SERVICES, INC.**
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

_____
LEE MERMELSTEIN (LM4143)


NEWYORK_DOWNTOWN\352115\1  099994.000